MONTES DE OCA, PLAINTIFF AND APPELLANT, *v.* BÁEZ ET AL., DEFENDANTS (SUCCESSION OF GÓMEZ, CONTESTANT AND APPELLEE).

APPEAL from the District Court of Mayagüez in an Action for Cancellation of Mortgage.

No. 1398.—Decided April 14, 1916.

MORTGAGE—SUMMARY PROCEEDINGS—FORECLOSURE—SALE OF PROPERTY.—According to the law and jurisprudence now in force, the recovery of a mortgage

credit may be prosecuted by the summary proceeding of the Mortgage Law and its Regulations, or in accordance with the provisions of the Code of Civil Procedure, and in either case should be governed by the act approved March 9, 1905, by the foreclosure or sale of the mortgaged property.

EXECUTION—REPEAL.—The Law of Civil Procedure which went into effect in this Island on January 18, 1886, was not repealed as to the part relating to the execution of judgments by General Order No. 118 of August 15, 1899, but remained in force until replaced by the present code of July 1, 1904.

ID.—MORTGAGE—JUNIOR MORTGAGEES—FORECLOSURE—PUBLIC SALE.—According to the old Law of Civil Procedure and the Mortgage Law, junior mortgagees were notified of the foreclosure proceeding prosecuted for the recovery of the credit of a senior mortgagee, and such notice should be given in the summary proceeding at present in force, as provided by articles 171 and 172 of the Regulations for the execution of the Mortgage Law, so that they may take part in the sale. If they do not attend, they cannot be heard to complain that they have been injured by the application of article 125 of the Mortgage Law.

ID.—JUNIOR MORTGAGEES—NOTICE OF SALE—CANCELLATION OF MORTGAGE—DUE PROCESS OF LAW.—Although the Act of March 9, 1905, relating to judgments and the manner of satisfying them is silent as to junior mortgagees, if the ordinary procedure for the recovery of a mortgage credit is followed, its silence cannot be construed as authorizing compliance with article 125 of the Mortgage Law in regard to them if they have received no notice of the sale. They have a real right in the property to be sold and it is to their interest that the highest price be obtained. Previous notice is indispensable in order that the cancellation be made under due process of law.

ID.—PREVIOUS NOTICE OF SALE—JUNIOR CREDITORS—CANCELLATION OF MORTGAGE.—When the complaint is directed against the debtor only, previous notice of the sale to the junior mortgagees is sufficient for the cancellation of the subsequent mortgages. Article 125 of the Mortgage Law is construed in harmony with articles 152 and 171 of the Regulations, and section 36 of the Code of Civil Procedure is applied.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo Martínez* for the appellant.

*Mr. José Sabater* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument of February 15, 1892, Ramón and Osvaldo Báez mortgaged a rural property belonging to them to secure the payment of a debt to Emilio Gómez Martínez, which mortgage was duly recorded in the Registry of Property of Mayagüez.

By a subsequent instrument of September 1, 1893, which is also recorded in the said registry, the said Ramón and

Osvaldo Báez created another mortgage on the same property in favor of Rosa Báez Méndez to secure another debt of $8,000 and Emilio Gómez y Martínez joined in the said instrument and waived his rights of priority as first mortgage creditor in favor of Rosa Báez.

Rosa Báez, by a deed of June 19, 1893, assigned her credit to Teresa Camoin Báez, who by a deed of July 20, 1909, assigned it in turn to Enrique Montes de Oca, both these instruments being also recorded in the registry.

On August 9, 1909, following the ordinary procedure established by the Code of Civil Procedure, Enrique Montes de Oca filed suit in the District Court of Mayagüez against Ramón and Osvaldo Báez for the recovery of the mortgage credit assigned to him by Rosa Báez and on October 30 of the same year judgment was rendered against the defendants for the amount claimed, together with interest and the costs of the action.

A writ having been issued to the marshal for the execution of the judgment, the mortgaged property was sold at public auction on December 24, 1909, after due notice by publication. The only bidders who appeared at the auction sale were Emilio Montes de Oca and Miguel Salgado. The former offered $1,000 for two-thirds of the property and the latter $500 for the other third and the property was sold to the said bidders, Montes and Salgado, in the said proportions.

The foregoing facts were alleged by counsel for Montes de Oca in a motion filed in the Mayagüez court on August 14, 1915, praying that an order issue to the registrar of property to cancel the record of the mortgage created by the deed of February 15, 1892, in compliance with Act No. 31 of 1912 amending article 125 of the Mortgage Law.

The Succession of Emilio Gómez opposed the cancellation prayed for and on October 1, 1915, the court overruled the motion on the ground that article 125 of the Mortgage Law

was not applicable to the case, from which ruling Montes
de Oca appealed to this court..

We agree with the lower court that article 125 of the
Mortgage Law, the violation of which the appellant relies
on as a ground for his appeal, is not applicable to the case.
The second paragraph of article 125 of the Mortgage Law,
as re-enacted later in Act No. 31 of 1912, reads as follows:

"In the case of one or several estates being encumbered by mort-
gage debts of various creditors, and they are sold or awarded for
the payment of the first creditor in such manner that the value of
what is sold or awarded does not equal or exceed the mortgage debt
which is liquidated, the remaining debts shall be, by act and right,
considered canceled, and upon presentation of the proper judicial
order showing the sale or award and the reasons for same, there
shall be canceled in the registry, including in the entry of cancel-
lation the act constituting the liquidation of the preferred credit,
all subsequent records of annuities (*censos*) or mortgages and rec-
ords of attachment also made subsequently, thus leaving the estate
or estates which have been conveyed or awarded free from all incum-
brance."

According to the law and jurisprudence now in force, the
recovery of a mortgage credit may be prosecuted by the sum-
mary proceeding of the Mortgage Law and its Regulations,
or in accordance with the provisions of the Code of Civil
Procedure, and in either case should be governed by the Act
approved March 9, 1905, by the foreclosure or sale of the
mortgaged property. *Giménez et al.* v. *Brenes,* 10 P. R. R.
124; *Banco Territorial y Agrícola* v. *Erwin, District Judge,*
10 P. R. R. 388; *The People* v. *Port of America Co.,* 13
P. R. R. 124; *Cintrón et al.* v. *Banco Territorial y Agrícola,*
15 P. R. R. 495.

As regards the summary proceeding for the recovery of
mortgage credits established by articles 128 *et seq.* of the
Mortgage Law and completed by articles 168 *et seq.* of the
Regulations for the execution of the said law, the last para-
graph of article 171 of the Regulations provides that when
the certificates of the registrar of property show the ad-

dresses of the persons interested in the liabilities which have been recorded subsequently to the right of the petitioner, the judge shall order, at the time demand for payment is issued, that notice thereof be served on said interested persons at the addresses mentioned, if found there; and in case the said notice cannot be so served, the second paragraph of article 172 prescribes that the published notices shall state the day, hour and place of the sale and shall also serve to notify the creditors whose interests in the property were recorded or cautionary notices thereof entered subsequently to the claim of the execution creditor, to which end it shall be necessary that the names of such interested persons be stated as they appear in the certificate of the registrar in order that they may attend the sale if they so desire.

The Law of Civil Procedure, which went into effect in this Island on January 1, 1886, and which was not repealed by General Order No. 118 of August 15, 1899, in so far as it related to the execution of judgments, but remained in force until replaced by the present code of July 1, 1904, prescribed in its article 1488 that if it should appear from the certificate of the registrar that the property is encumbered by second or subsequent uncanceled mortgages, the mortgagees shall be informed of the execution in order that they may intervene in the appraisement and sale of the property should they desire to do so; and its articles 1516 and 1517 make similar provisions to those of article 125 of the Mortgage Law transcribed above.

Consequently, according to the old Law of Civil Procedure and the Mortgage Law, the junior mortgagees were notified of the foreclosure proceeding prosecuted for the recovery of the credit of a preferred mortgagee and that notice should be given in the summary proceeding at present in force, as provided by articles 171 and 172 of the Regulations for the execution of the Mortgage Law. By virtue of said notice the junior mortgagees have knowledge of the foreclosure proceeding and may take part in the sale. If they do not

attend, they cannot be heard to complain that they had been injured by the application of article 125 of the Mortgage Law.

If the ordinary or common proceeding for the recovery of a mortgage credit is followed, the Act of March 9, 1905, relating to judgments and the manner of satisfying them is silent as to junior mortgagees, but its silence cannot be construed as authorizing compliance with article 125 of the Mortgage Law in regard to them if they have received no notice of the sale. They are interested in the sale because they have a real right in the property to be sold and it is to their interest that the highest price be obtained. Previous notice is indispensable in order that the cancellation be made after due process of law.

In support of the foregoing doctrine we cite our decision in the case of *Canals Hermanos & Co., Ltd.,* v. *Ortiz et al.,* 22 P. R. R. 70. In the said case the plaintiff prayed for the sale of a mortgaged property and the cancellation in the registry of a second mortgage, and as the complaint was demurred to on the ground of misjoinder of parties because the second mortgage creditor was not a party to the action, the court held that as one of the prayers of the complaint was for the sale of the mortgaged property and as the cancellation of both mortgages in the registry was sought, it was clear that the second mortgage creditor was a proper party. If the second mortgage could have been ordered canceled after the first had been satisfied and no surplus remained and it was not necessary to this end to give any notice of the sale to the second mortgage creditor, there is no doubt that the demurrer would have been sustained on the ground of misjoinder of parties.

The second mortgage creditor was a proper party in view of the manner in which that action was brought; but when the complaint is directed against the debtor only, as in the present case, previous notice of the sale to the junior mortgagees is sufficient for the cancellation of the subsequent

mortgages. This is the manner in which we construe article 125 of the Mortgage Law, in harmony with articles 152 and 171 of the Regulations, and apply section 36 of the Code of Civil Procedure.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison concurred in the judgment.